Price, J.
The plaintiff in error, as trustee of William H. Runkle, a bankrupt, holds that position under certain provisions of the bankruptcy act, whereby the creditors of the bankrupt may elect a trustee, or on failure to so act, the court of bankruptcy may appoint the trustee. If the trustee elected by a majority of the creditors is an incompetent or unsuitable person, the bankruptcy court may disapprove of the selection and another may be .appointed by the court after such creditors have failed to select a suitable person, and when the trustee so created has accepted and become duly qualified as required by the statute, he is invested *334 with the title of the bankrupt to his estate real and personal of whatever character, not exempt under the law. This is so by virtue of the statutes relating to the subject and not by virtue of any direction or will of -the bankrupt.
Without considering all the particular steps to be taken or observed by the trustee in discharge of his duties, it is- sufficient here to notice some of the consequences of the procedure.
By clause 2 of Section 47 of the Bankruptcy Act, it is made the duty of the trustee to reduce to money the property of the estate, under the direction of the court, and by clause 6 he is required to keep regular accounts showing' all amounts received and from what source. The provisions of Section 70 which relate to sales of property are as follows: “All real and personal property shall be appraised by three disinterested appraisers; they shall be appointed by and report to the court. Real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per 'centum of its appraised value. The title to property of a bankrupt estate/ which has been sold as herein provided shall be conveyed to the purchaser by the trustee.”
In Section 58 (Bankruptcy Act) - it is provided that creditors shall have at least ten days’ notice by mail of all proposed sales of property ct cet.
Another provision of the act requires that - all sales shall be by public auction unless otherwise ordered by the court. There are provisions as to sale of property encumbered by lien; giving the *335 court, on proper petition by the trustee, the power to order sale, subject to or free of liens as may be considered best, by the court. The trustee is carefully instructed by the Bankruptcy Act as to his powers and duties, and in discharge of many of his duties he is under the control of and answerable to the court of bankruptcy.
We need not further occupy this field of investigation, but we have gone far enough to see that the jurisdiction and powers of the court of bankruptcy are peculiar to that court, made so by the law creating and regulating its jurisdiction, and we are now to determine the standing and rights of such trustee when he enters the state courts claiming to be a tenant in common asking partition of real estate.
He comes to the state court as a stranger to its jurisdiction, although he may resort to it to enforce his rights in certain cases. He says in his petition that he belongs to another jurisdiction, and gives the sign by which he may be known, viz., he is trustee of a tenant in common who is a bankrupt. He does not disclose in his petition that the court of bankruptcy had ordered or authorized him to come into the state court, for any purpose, nor does he ask the state court to order a sale in either of the ways pointed out by the statute under which he was appointed and qualified.
Is he a tenant in common, or is he but the trustee of a tenant in common?- He is invested with the title of the bankrupt, not as a purchaser, or under other form of contract, but solely by operation of law and for a special purpose, that he may convert the estate into money with which to pay the debts of the bankrupt.
*336 He may, in the bankruptcy proceedings, and according to the law on that subject, sell the undivided interest of the bankrupt in the lands, and convey such interest to the purchaser who may thus become a tenant in common with the owners of the other interests, and that path appears to be free from doubt or obstruction.
But what confronts the trustee as he asks partition in the state court?. The suit must be entertained and conducted under the laws of the state. What would the trustee do or say, in case one or more of the tenants in common should answer and charge that the bankrupt tenant in common had received and enjoyed the rents and profits of the estate for years, and ask an accounting for the same? Would he have to consult the bankruptcy court as to his duty in such case? If the dower of a widow is to be assigned, as is required in this case, it must be done under the state law. If the commissioners appointed to make partition “are of opinion that the estate cannot be divided without manifest injury to the value thereof, they shall return that fact to the court with a just valuation of the estate, whereupon if the court approve the return, and one or more of the parties elect to take the estate at such appraised value, the same shall be adjudged to him or them, upon his or their paying to the other parties their proportion of the appraised value thereof according to their respective rights,” etc. >
This right of election is vested by law m each of the tenants in common, but it could not be exercised by the trustee, without using the estate otherwise in his hands to make the necessary payments to other co-tenants.
*337 If no such election is made, “the court may, at the instance of a party, make an order for the sale thereof at public auction by the sheriff who executed the writ of partition, or his ■ successor in office.” (Section 5764, Revised Statutes.) Section 5765 provides: “but the estate shall, not be sold for less than two-thirds of the appraised value thereof as returned by the commissioners.” Here would be a conflict between the state and bankruptcy courts, for we have observed that it is provided in Section 70b of the Bankruptcy Act, that “all real and personal property belonging to bankrupt estates shall be appraisedJby three disinterested appraisers; they shall be appointed 'by, and report to the court. Real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per centum of its appraised value.”
The court mentioned is the bankruptcy court.
The sale in the partition case is governed by prescribed rules which, as we see by comparison, are in plain conflict'^with the provisions for sale in the bankruptcy proceeding, and the trustee seems insistent in promoting and maintaining that conflict. We know of no method of blending these jurisdictions in order to have partition made that will be just and equitable to the widow and all the tenants in common as their rights may appear.
It is not our duty to entertain the suit of the trustee when it is inevitable that a conflict of jurisdiction will arise between the state and federal courts. The trustee may sell the estate of the *338 bankrupt without partition, as before observed, with results less harmful than a complication of questions and interests likely to follow such an action for partition. ■
We still think the trustee in bankruptcy is not a tenant in common, as recognized in partition proceedings, but is but a trustee of a tenant in common.
The foregoing reasons áre sufficient to sustain the judgment of the lower court and its judgment is affirmed.

Judgment affirmed.

Summers, C. J., Crew, Spear, Davis and Si-iauck, JJ., concur.